UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PITCHER and CAROLYN PITCHER,<br><br>                              Plaintiffs,<br><br>-against-<br><br>UNION CARBIDE CORPORATION, et al.,<br><br>                              Defendants. | Case No. 1:22-cv-09813 (JLR)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiffs John and Carolyn Pitcher bring this action against numerous Defendants alleging injury from exposure to asbestos in products manufactured and sold by Defendants and their predecessors-in-interest. *See generally* ECF No. 1 ("Notice of Removal"); *see also* ECF No. 70 ("Joint Letter"). On January 23, 2023, the Court entered a Civil Case Management and Scheduling Order, ordering that, absent exceptional circumstances, "[a]ny motion for leave to amend or join additional parties shall be filed no later than February 23, 2023." ECF No. 87 ("CMP") at 1. On June 8, 2023, after several days of the deposition of John Pitcher, Plaintiffs filed a motion for leave to file an amended complaint, seeking to add as defendants Charles B. Chrystal Company, Inc., Chattem, Inc., Emerson Electric Co., Emerson Final Control US Holding LLC, and Spirax Sarco, Inc. ECF No. 208 ("Br.") at 2-3 (explaining changes to complaint in lieu of redline). No opposition was filed by either the present Defendants or additional proposed defendants, with the exception of Chattem, Inc. ("Chattem"). Chattem appeared in this action for the limited purpose of opposing the motion to amend, and filed its opposition on June 20, 2023. ECF No. 209 ("Opp."). Plaintiffs filed a reply brief on June 27, 2023. ECF No. 211 ("Reply"). For the reasons set forth below, Plaintiffs' motion is GRANTED.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires." The Second Circuit has explained that this is a "liberal" or "permissive standard . . . [that] is consistent with our strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). However, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002).

Additionally, under Rule 21, "the court may at any time, on just terms, add or drop a party" to a lawsuit. When an amendment proposes the addition of new parties, Rule 21 technically governs, but the "same standard of liberality" applies under either Rule 15 or Rule 21. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).

**DISCUSSION**

Chattem asks the Court to deny the motion to amend for two reasons: (1) Plaintiffs have needlessly delayed their motion, which was filed after the CMP's deadline, despite knowing about Chattem's possible connection to the case for months, with no good cause shown for that delay (Opp. at 5-6), and (2) amendment would be futile because this Court does not have personal jurisdiction over Chattem (*id.* at 7-12). Both arguments fail.

I.   **Undue Delay**

First, the Court does not consider the roughly three-month delay – from the deadline set forth in the CMP to the time the motion was filed – to be undue.  "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

As the parties are aware, the Court had to resolve a discovery dispute between the parties regarding the length of Plaintiff John Pitcher's deposition.  *See* ECF No. 159 (Motion to Continue Plaintiff's Deposition); ECF No. 168 (Opposition to Motion).  The Court ultimately ruled on the length of Mr. Pitcher's deposition on May 17, 2023, and the motion to amend was filed on June 8, 2023.  *See* ECF No. 198.  Plaintiffs' counsel contends that it was during Mr. Pitcher's deposition that they learned about Mr. Pitcher's use of Gold Bond talcum powder in New York during the years Chattem owned the product.  *See* Reply at 3.  Chattem argues that Plaintiffs unduly delayed here because they knew of their use of Gold Bond earlier based on interrogatory responses, and Plaintiffs' counsel knew from other cases about Chattem's ownership of the Gold Bond brand.  Opp. at 5-6.  However, neither contention addresses when counsel learned of the use of the powder by Mr. Pitcher *in New York* during the time Chattem owned the product line, which Plaintiffs argue was discovered during Mr. Pitcher's deposition.  Chattem has not made any showing of bad faith, and does not articulate how it would be unduly prejudiced by being added to this action at this early stage while discovery is ongoing.  Therefore, the Court rejects Chattem's first argument opposing amendment.

II.   **Specific Personal Jurisdiction**

Second, Chattem argues that amendment would be futile because Plaintiffs cannot establish general or specific personal jurisdiction over Chattem.  Opp. at 7-13.  Plaintiffs do

not contend that the Court has general jurisdiction over Chattem, but assert that the Court has specific personal jurisdiction over Chattem because Chattem was selling Gold Bond products in New York during the years of Mr. Pitcher's exposure, and there is evidence that Mr. Pitcher used Gold Bond powder while in New York. Reply at 7. The Court agrees with Plaintiff.

To determine whether the Court has specific personal jurisdiction over Chattem, the Court must first look to New York's long-arm statute. "If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). That is, "once a *prima facie* showing of a statutory basis for jurisdiction has been made, the plaintiff must 'demonstrate that the exercise of jurisdiction comports with due process.'" *Beskrone v. Berlin*, --- F.Supp.3d ---. No. 21-cv-04803 (PAE), 2023 WL 2023413, at *7 (S.D.N.Y. Feb. 15, 2023) (quoting *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81-82 (2d Cir. 2018)).

### A. New York Long-Arm Statute

Plaintiffs assert that the Court has jurisdiction over Chattem under CPLR § 302(a)(1).[1] *See* Reply at 7. Under CPLR § 302(a)(1), "[a]s to a cause of action from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732

---

[1] Because Plaintiffs do not assert that the Court has personal jurisdiction pursuant to the other provisions of CPLR § 302, the Court does not address those other sections in its analysis.

F.3d 161, 168 (2d Cir. 2013) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). "A non-domiciliary defendant may transact business in New York without being physically present where that defendant 'projects himself or herself into this state to engage in a sustained and substantial transaction of business.'" *SUEZ Water N.Y. Inc. v. E.I. du Pont de Nemours & Co.*, 578 F. Supp. 3d 511, 528 (S.D.N.Y. 2022) (quoting *D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 298 (2017)). A claim "'arises from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,'" *Sole Resort, S.A. de C.V.*, 450 F.3d at 103 (quoting *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981)), "or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Id.* (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)). This is a "'relatively permissive' inquiry and requires 'at least one element [to] arise[ ] from the New York contacts.'" *SUEZ Water N.Y. Inc.*, 578 F. Supp. 3d at 528 (quoting *D&R Global Selections, S.L.*, 29 N.Y.3d at 299). "'[C]ausation is not required,' but there must be 'at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former.'" *Id.* at 528-29 (quoting *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339 (2012) (on certification from Second Circuit)).

Chattem argues that Plaintiffs' allegations do not "arise from" Chattem's business activity in New York, as required for personal jurisdiction, because Plaintiffs reside in Texas, and do not allege that they purchased the Gold Bond powder in New York or were exposed to asbestos from Gold Bond within New York. *See* Opp. at 9-11.[2] This is not so.

---

[2] Chattem baldly "denies" that it "transacted business" in New York, as the long-arm statute requires, but offers no argument as to the basis for its denial. *See* Opp. at 10-11. Because Plaintiffs allege in their proposed amended complaint that Chattem sold Gold Bond products in New York, the Court considers that allegation sufficient, absent evidence to the contrary,

5

While Plaintiffs do not specifically argue in their motion papers that they bought Gold Bond in New York, Defendants have not shown that they did not, and, in any event, Plaintiffs contend that they used the Gold Bond powder on numerous trips, roughly 60 days over six years, while visiting family in New York. *See* Reply at 7-9. In their proposed amended complaint, Plaintiffs allege that Mr. Pitcher "was exposed to asbestos through his regular and frequent personal use of Gold Bond Medicated Body Powder and Gold Bond Foot Medicated Foot Powder, including while in New York." ECF No. 207-1 ("Proposed FAC") ¶ 52(d). They further allege that "Defendants directly advertised their asbestos products to those in New York and elsewhere as a means of personal hygiene," *id.* ¶ 113(c), and that Defendants sold their products "to the public, including Plaintiff, his family members, and others in New York . . . without advising them of the dangers" when Defendants knew those dangers, *id.* ¶ 117(c). Finally, contrary to Chattem's assertions, Plaintiffs point to Mr. Pitcher's deposition testimony stating that he used Gold Bond products in New York during the time Chattem owned the products. *See* ECF No. 212-3 at 82:1-21.

Based on the foregoing, construing the pleadings and affidavits in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have made a prima facie showing that jurisdiction exists. *See SUEZ Water New York Inc.*, 578 F. Supp. 3d at 527 ("'Prior to trial . . . when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing' of jurisdiction." (quoting *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). In a very similar case, the New York Appellate Division found that there was personal jurisdiction under CPRL § 302(a)(1) where plaintiff "claim[ed] she was injured by her use of Desert

---

and only evaluates Chattem's arguments as to whether Plaintiffs' claims "arise" out of Chattem's business.

Flower talc" that "was marketed and sold nationally" because the plaintiff "used Desert Flower when she travelled to and while she stayed in New York." *See Eng. v. Avon Prod., Inc.*, 169 N.Y.S.3d 300, 305 (1st Dep't 2022). The court held that personal jurisdiction existed even though there was "no claim that the Desert Flower English used in New York was purchased in New York." *Id.* at 303.

Additionally, "whether a claim arises from a defendant's transaction of business in New York, and thus whether the second prong of the jurisdictional inquiry under N.Y. C.P.L.R. § 302(a)(1) is satisfied, is a 'relatively permissive' inquiry." *SUEZ Water N.Y. Inc.*, 578 F. Supp. 3d at 531 (quoting *D&R Global Selections, S.L.*, 29 N.Y.3d at 299). The Court therefore concludes that exposure in New York – where Chattem sold and advertised those products – satisfies this threshold. "Causation is not required," and the exposure to asbestos, through Gold Bond powder in New York, is minimally "related[]" to Chattem's business selling those products in New York. *Id.* at 528-29 (quoting *Licci*, 20 N.Y.3d at 339). Accordingly, New York's long-arm statute has been satisfied at this stage. *See Eng.*, 169 N.Y.S.3d at 305.

**B. Due Process Clause**

"To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168-69 (2d Cir. 2015) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)). Where minimum contacts exist, "the defendant has to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Licci*, 732 F.3d at 173). These considerations include: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the

interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Chloe*, 616 F.3d at 164.

Chattem argues that the exercise of personal jurisdiction here does not comport with due process, mentioning only that "Plaintiffs have not endeavored to demonstrate" that the due process requirements have been met. *See* Opp. at 13. Plaintiffs argue that the exercise of personal jurisdiction comports with due process because, having chosen to sell Gold Bond products in the state of New York, Chattem should reasonably anticipate being sued here. *See* Reply at 8-9. The Court agrees with Plaintiffs.

The Second Circuit has observed:

> It would be unusual, indeed, if a defendant transacted business in New York and the claim asserted arose from that business activity within the meaning of section 302(a)(1), and yet, in connection with the same transaction of business, the defendant cannot be found to have "purposefully availed itself of the privilege of doing business in the forum and [to have been able to] foresee being haled into court there," . . ., or the assertion of specific jurisdiction would somehow otherwise "offend traditional notions of fair play and substantial justice[.]"

*Licci*, 732 F.3d at 170 (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002); *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Nevertheless, a separate inquiry into the constitutional basis for personal jurisdiction is warranted. *See id.*

Here, Chattem does not seriously dispute that during the relevant time period it sold Gold Bond products in the state of New York, and also advertised its products there. *See supra* Section II(A) & n.2. The Court concludes that this is sufficient to conclude that Chattem "purposefully availed itself" of the privilege of doing business in New York, and

would reasonably foresee being haled into court here for disputes related to the use of, and exposure to, those products. *See Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 127 (S.D.N.Y. 2020) ("This purposeful availment of the privilege doing business in New York with a New York resident is sufficient to establish minimum contacts under the Due Process Clause." (citation omitted)).

The Court next considers whether Chattem has presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* Chattem has not made this showing. Chattem has not shown that "the burden that the exercise of jurisdiction will impose on" it would be unreasonable. *Chloe*, 616 F.3d at 164. Moreover, New York has an interest in regulating the types of products sold in the state, and those that allegedly injure people within the state. *See id.* Plaintiffs, on the other hand, have a strong interest in obtaining complete relief; no other Defendant or proposed defendant in this action has objected to jurisdiction here; and the case is ongoing here. *See id.* For those same reasons, "the interstate judicial system's interest in obtaining the most efficient resolution of the controversy" also weighs in favor of asserting jurisdiction here. *Id.* The final factor is neutral. *See id.* Considering these and other factors, the Court concludes that exercising personal jurisdiction here is consistent with traditional notions of fair play and substantial justice, and thus comports with due process.

## CONCLUSION

Therefore, the Court GRANTS the motion to amend. Plaintiffs shall file their amended complaint forthwith, and Defendants shall respond to the amended complaint no later than three (3) weeks from the date of filing.

      The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 207.

Dated: August 16, 2023
       New York, New York

                                                  SO ORDERED.

                                                  *Jennifer Rochon*
                                                  JENNIFER L. ROCHON
                                                  United States District Judge